UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| CLARA P., | ) |
|---|---|
| Plaintiff, | ) |
| v. | ) Case No. 1:18-cv-04029-TWP-TAB |
| ANDREW M. SAUL, Commissioner of the Social Security Administration, | ) |
| Defendant. | ) |

## ENTRY ON JUDICIAL REVIEW

Plaintiff Clara P.[1] requests judicial review of the final decision of the Commissioner of the Social Security Administration (the "SSA"). For the following reasons, the Court **dismisses** Clara P.'s Complaint with prejudice and **affirms** the decision of the Commissioner.

## I. PROCEDURAL BACKGROUND

On March 9, 2016, Clara P. received a notice of a change of benefits from the SSA explaining that social security benefits paid to widows were reduced "if they also received a government pension based on their own work." (Filing No. 9-2 at 41.) Clara P. requested reconsideration, (Filing No. 9-2 at 44-45), and the SSA confirmed their initial determination, (Filing No. 9-2 at 65). Clara P. then requested a hearing by an Administrative Law Judge. (Filing No. 9-2 at 68.) Administrative Law Judge Monica LaPolt (the "ALJ") conducted a hearing on May 23, 2018, at which Clara P., unrepresented by counsel, a witness, her daughter, Michelle W., and a claims technical expert in the SSA's payment center, John Kroner, appeared and testified.

---

[1] To protect the privacy interests of claimants for Social Security benefits, consistent with the recommendation of the Court Administration and Case Management Committee of the Administrative Office of the United States Courts, the Southern District of Indiana has opted to use only the first name and last initial of non-governmental parties in its Social Security judicial review opinions.

(Filing No. 9-3 at 106-74; Filing No. 9-4 at 1-28.) The ALJ issued an unfavorable decision on June 11, 2018. (Filing No. 9-1 at 13.) Clara P. requested review of the ALJ's decision. (Filing No. 9-3 at 95.) The Appeals Council denied review on November 6, 2018. (Filing No. 9-1 at 6.) On December 21, 2018, Clara P. timely filed this civil action, asking the Court to review the final decision of the Commissioner. (Filing No. 1.) Following the Commissioner's filing of the transcript, (Filing No. 9), Clara P. filed a brief in support of her Complaint, (Filing No. 13), and motions to correct her brief, (Filing No. 14), and to add to her Complaint, (Filing No. 15). The Court granted her motions and requested that Clara P. file a supplemental brief in support of her case, (Filing No. 16). Clara P. filed a supplemental brief. (Filing No. 17). The Commissioner filed a brief in support of the Commissioner's decision and requested that the Court dismiss the case pursuant to the doctrine of res judicata based on an earlier district court decision.[2] (Filing No. 19.)

## II. FACTUAL BACKGROUND

**A.    Previous District Court Litigation**

On April 15, 2015, case number 1:15-cv-581, Clara P. filed a complaint challenging the final decision of the Commissioner, an Appeals Council decision that upheld the SSA's determination that an overpayment had occurred with Clara P.'s social security benefits. (Filing No. 19-3 at 2.) Magistrate Judge Tim Baker (the "Magistrate Judge") issued a Report and Recommendation recommending that Clara P.'s motion to remand be denied upon a finding that the Appeals Council's decision was supported by substantial evidence. (Filing No. 19-3 at 10.) The Magistrate Judge laid out the operative facts and legal provisions that went into the

---

[2] The Court will discuss the doctrine of res judicata in more depth below. But put simply, the United States Supreme Court has described the doctrine as, "A final judgment on the merits of an action precludes the parties or their privies from relitigating issues that were or could have been raised in that action." *Federated Dep't Stores, Inc. v. Moitie*, 452 U.S. 394, 398 (1981) (citing *Commissioner v. Sunnen*, 333 U.S. 591, 597 (1948); *Cromwell v. County of Sac*, 94 U.S. 351, 352-53 (1877)).

determination that an overpayment had occurred, including the underlying calculation of the proper amount of benefits. Those facts included the following statements: Clara P. receives a monthly pension from work she performed for a government employer who chose to not participate in social security. ([Filing No. 19-3 at 2](#).) She also elected to receive social security retirement benefits based on her earnings from a non-government employer. ([Filing No. 19-3 at 2](#).) She further elected to receive widow's benefits[3] from the SSA based on her late husband's earnings record. ([Filing No. 19-3 at 2](#)). By application of the Windfall Elimination Provision ("WEP"), the SSA reduces social security retirement benefits paid to a government pension recipient. ([Filing No. 19-3 at 5](#) (citing 20 C.F.R. §§ 404.212 and 404.213).) According to the dual entitlement rule[4], the SSA also reduces the monthly amount of widow's benefits by the monthly amount of retirement benefits. ([Filing No. 19-3 at 5](#) (citing 20 C.F.R. § 404.407(a)). Additionally, according to the Government Pension Offset ("GPO"), the SSA reduces widow's benefits paid to a government pension recipient if the government employer did not participate in social security. ([Filing No. 19-3 at 5](#) (citing 20 C.F.R. §§ 404.408a(a)(1)(ii), 404.408(d)(1), and 404.408(d)(3)).)

The Magistrate Judge noted that the Appeals Council's decision had found that the WEP,

---

[3] The Court notes that the Magistrate Judge used a more generic term, "spousal benefits," throughout his Report and Recommendation to refer to what he initially explained was either widow's or survivor's benefits. ([Filing No. 19-3 at 2](#).) Clara P. took issue with the use of that term in her objections to the Report and Recommendation, correctly pointing out that there are different benefit calculations for a spouse of a living wage earner and a widow or widower who survived the wage earner. ([Filing No. 9-2 at 55](#)). Although, as District Court Judge Sarah Evans Barker explained, any ambiguity as to the term used by the Magistrate Judge was not material to the outcome of the case, being that the correct calculation was used by the SSA for the precise type of benefit that Clara P. was entitled, namely widow's benefits. ([Filing No. 9-2 at 55-56](#).) The ALJ also inaccurately referred to Clara P.'s benefits as "widower's benefits," despite the fact Clara P. is a widow of the wage earner, not a widower. (*See, e.g.*, [Filing No. 9-1 at 20](#).) Similarly, the Court does not find the use of that term by the ALJ to be material to the case. A Congressional publication relied upon as evidence by Clara P. also ambiguously refers to either "spousal or widower's benefits" to describe application of a rule that pertains also to widow's benefits. (*See, e.g.*, [Filing No. 9-1 at 20](#).) The Court will generally refer to Clara P.'s benefits as widow's benefits, for the sake of clarity and accuracy, regardless of the term used in the record being cited, except when the Court is quoting the source.

[4] The Magistrate Judge used the moniker, "simultaneous entitlement" to refer to this rule. The Court will refer to the rule as the ALJ did, "dual entitlement," for the sake of clarity. ([Filing No. 9-1 at 19](#) (citing Programs Operations Manual System, RS 00615.020 "Dual Entitlement Overview," https://secure.ssa.gov/poms.nsf/lnx/0300615020 (last visited Oct. 24, 2019).

3

GPO, and dual entitlement reductions all applied to Clara P.'s benefits. (Filing No. 19-3 at 5-6.) The Magistrate Judge found that substantial evidence supported the Appeals Council's decision, noting that Clara P. agreed with the underlying facts, but asserted that she was entitled to the amount of her retirement benefits reduced by the WEP plus the amount of her widow's benefits reduced by the GPO. (Filing No. 19-3 at 7 (The Court notes that Clara P.'s contention effectively ignored application of the dual entitlement rule.).)

Clara P. objected to the Magistrate Judge's Report and Recommendation. (Filing No. 9-2 at 48.) However, District Judge Sarah Evans Barker adopted the Report and Recommendation, overruled Clara P.'s objections, and denied her request for remand on July 20, 2016. (Filing No. 9-2 at 58.) Judge Barker found that the Appeals Council's calculation of Clara P.'s benefits was supported by substantial evidence. (Filing No. 9-2 at 58.) Clara P. did not appeal the district court decision.

**B.   ALJ's Decision**

In the ALJ's June 11, 2018 decision that is the subject of this Complaint, the ALJ accurately described the procedural posture leading up to Clara P.'s latest hearing:

> The claimant's retirement benefit and widower's benefit are subject to the Windfall Elimination Provision (WEP) and Government Pension Offset (GPO) based on her years of working in a federal government position with non-covered earnings and subsequently receiving a Civil Service Retirement System pension (CSRS). The claimant's benefit amounts and applicable offset were previously discussed in a prior hearing decision dated June 13, 2013, followed by an Appeals Council decision dated February 12, 2015, and a District Court decision dated July 20, 2016 (Ex. B11; B23; B27).
>
> Following the District Court's decision, the claimant contacted her local Social Security field office regarding the basis for her outstanding overpayment related to WEP and GPO. She also requested reconsideration of WEP and GPO pertaining to her retirement benefit and her widower's benefit (Ex. B29). On August 11, 2016, the Social Security Administration sent a Notice of Reconsideration to the claimant confirming their prior determination (Ex. B28; B29). The notice provided further discussion of WEP and GPO offsets and included a detailed summary of the

claimant's benefit payment history with applicable offset provisions. Thereafter, the claimant filed a written request for hearing on August 29, 2016 (20 CFR 404.929 *et seq*.).

([Filing No. 9-1 at 16](#).)

The ALJ found that Clara P.'s benefits were subject to the WEP and GPO "as decided in a prior hearing decision." ([Filing No. 9-1 at 17](#).) She stated that that Clara P.'s benefits were "appropriately capped at . . . the higher of her retirement benefit and widower's benefit consistent with the dual entitlement provision." ([Filing No. 9-1 at 17](#).) The ALJ explained that the prior ALJ decision "was reviewed and upheld by the Appeals Council and the District Court." ([Filing No. 9-1 at 17](#).) The ALJ continued to explain her findings on the issues that were raised at the most recent hearing, "I further conclude that the claimant's request for GPO exclusion is not applicable because she does not meet the two-tier requirement. Further, the claimant has been receiving the correct payment for both entitlements in spite of receiving one check each month." ([Filing No. 9-1 at 17](#).)

The ALJ's decision included a detailed explanation of the WEP, the GPO, and the dual entitlement rule. ([Filing No. 9-1 at 17-20](#).) The ALJ responded to information that Clara P. had submitted along with her appeal:

> As referenced in the Congressional Research Service document the claimant provided, "the Social Security dual entitlement rule requires that a beneficiary effectively receive the higher of the Social Security worker's benefit or the spousal or widower benefit, but NOT both. The total benefit received by a worker consists of his or her own worker benefit plus the excess of the spousal or widower's benefit over his or her own benefit-not the sum of the two benefits. Expressed simply, the higher of the two benefits is paid."

([Filing No. 9-1 at 19-20](#)) (emphasis in original).

The ALJ determined that Clara P.'s situation did not meet the requirements of an exception from application of the GPO, such that the ALJ found that the GPO applied to Clara P.'s benefits.

5

([Filing No. 9-1 at 22](#).) She explained that Clara P. met two of the requirements for the exception: her last date of government service was before the applicable deadline and she was entitled to widow's benefits before a different deadline. ([Filing No. 9-1 at 22](#).) However, Clara P. did not meet the final requirement of the exception because she never switched over during her government employment from the Civil Service Retirement System ("CSRS") to the Federal Employees' Retirement System. ([Filing No. 9-1 at 22](#).)

The ALJ also explicitly found that Clara P.'s appeal was an implied request for a reopening of her prior hearing decision, but that decision was "final and binding by District Court decision dated July 20, 2016." ([Filing No. 9-1 at 22](#).)

### III.     DISCUSSION

Clara P. proceeds in this appeal without representation and has submitted various documents to the Court, including a description of her various benefits, arguments, motions, and notices she has received from the SSA, Office of Personnel Management; as well as documentation concerning her government pension/annuity, SSA publications, and a portion of a magazine published by the National Association of Retired Federal Employees ("NARFE"). (*See* [Filing No. 1-2](#); [Filing No. 2](#); [Filing No. 11](#); [Filing No. 11-1](#); [Filing No. 13](#); [Filing No. 13-1](#); [Filing No. 14](#); [Filing No. 14-1](#); [Filing No. 15](#); [Filing No. 15-1](#); [Filing No. 17](#); [Filing No. 17-1](#); [Filing No. 17-2](#), [Filing No. 20](#); and [Filing No. 20-1](#).) Because Clara P. proceeds *pro se* in this action, the Court will liberally construe her pleadings and consider any issues raised by the submitted documents to the extent the Court finds it necessary to resolve the appeal. *See, e.g., Alvarado v. Litscher,* 267 F.3d 648, 651 (7th Cir. 2001). Additionally, the Court notes that Clara P. proceeded *pro se* in the previous district court litigation. ([Filing No. 9-2 at 48](#).)

## A. Jurisdiction Pursuant to the Social Security Act

According to the Social Security Act (the "Act"), the Court "shall have power to enter, upon the pleadings and transcript of the record, a judgment affirming, modifying, or reversing the decision of the Commissioner of Social Security, with or without remanding the cause for a rehearing." 42 U.S.C. § 405(g). The Court is limited to reviewing the "final decision" of the Commissioner. 42 U.S.C. § 405(g)-(h); *Bauzo v. Bowen*, 803 F.2d 917, 921 (7th Cir. 1986). If the Appeals Council denies review, it is the determination of the Commissioner that the ALJ's decision is the final decision of the agency. *See Eads v. Sec'y of Dep't of Health & Human Servs.*, 983 F.2d 815, 816 (7th Cir. 1993). Because the Appeals Council denied review of the ALJ's decision, this Court is limited to reviewing the ALJ's decision as the final decision of the Commissioner. However, the Seventh Circuit has held—based on Supreme Court precedent—that when the final decision of the Commissioner is a "refusal to reopen or a decision to apply administrative *res judicata*[, the decision] is a discretionary one not subject to judicial review." *Johnson v. Sullivan*, 936 F.2d 974, 976 (7th Cir. 1991) (citing *Califano v. Sanders*, 430 U.S. 99, 107-08 (1977) (additional citations omitted)).

Here, the ALJ's decision is somewhat ambiguous. The ALJ did not explicitly mention res judicata. However, the ALJ did deny an implied motion to reopen Clara P.'s previous claim with the SSA. The ALJ also repeatedly referenced the previous ALJ decision and Appeals Council decision—as well as the fact those decisions had been affirmed by the district court—when explaining her findings that the WEP, GPO, and dual entitlement rule applied to Clara P.'s benefits. At a minimum, the ALJ implied that the previous ALJ and Appeals Council decisions were administratively final upon affirmation by the district court. To the extent that Clara P. seeks payment of a greater amount of benefits retroactive to when she alleges an error occurred in their

7

calculation—beginning in July 2007, (*see, e.g.*, Filing No. 17-1 at 7)—the Court finds that it lacks jurisdiction under the Act to review the discretionary decision of the Commissioner to not reopen her previous claim. Accordingly, the Court lacks any ability to revisit the amount of benefits paid to Clara P. through the date of the ALJ's previous decision, June 13, 2013.

However, the ALJ did not explicitly dismiss Clara P.'s present claim by resting solely on the previous determinations. The ALJ considered new arguments and evidence.[5] She discussed the merits of Clara P.'s claim that she qualified for an exception to the GPO. She also reiterated much of the previous ALJ decision and considered Clara P.'s argument referencing a Congressional publication that she was due the amount of her retirement benefits plus her widow's benefits, rather than those benefits being subject to the dual entitlement rule.

The Seventh Circuit has observed that "[t]here is authority for the proposition that, when a decision has been reopened and reconsidered on the merits to any extent, the [Commissioner] is estopped from asserting *res judicata*. The new decision on the merits is subject to judicial review." *Johnson*, 936 F.2d at 976, n.4 (citing *Purter v. Heckler*, 771 F.2d 682, 692 (3d Cir. 1985); *Jelinek v. Heckler*, 764 F.2d 507, 508 (8th Cir. 1985); *Bolden for Bolden v. Bowen*, 868 F.2d 916, 919 (7th Cir. 1989); *Taylor for Peck v. Heckler*, 738 F.2d 1112, 1114-15 (10th Cir. 1984); *McGowen v. Harris*, 666 F.2d 60, 65-66 (4th Cir. 1981); *Farley v. Califano*, 599 F.2d 606, 607-08 (4th Cir. 1979)). In *Bolden for Bolden*, the Seventh Circuit noted that the Eighth Circuit had concluded that judicial review was warranted when the SSA "had both refused to reopen the case *and* refused on the merits to grant the benefits that the applicant was seeking to obtain by the petition to reopen." 868 F.2d at 919 (emphasis in original) (citing *Jelinek*, 764 F.2d at 508-09). In *Jelinek*, the Eighth

---

[5] Clara P. relies on virtually the same evidence in the instant administrative claim as she relied upon in her previous administrative claim, with perhaps one limited exception that she submitted the previously referenced NARFE publication in support of one of her arguments. Similarly, the Court notes that all the evidence she has submitted along with her judicial appeal appears to be duplicative of the administrative record evidence.

8

Circuit explained that "[w]here a claim has been nevertheless reconsidered on the merits, however, it is properly treated as having been reopened as a matter of administrative discretion. Consequently, the final decision of the [Commissioner] denying such a claim is also subject to judicial review *to the extent it has been reopened*." 764 F.2d at 508 (emphasis added) (citing *McGowen*, 666 F.2d at 65-66 (additional citations omitted)). In *Bolden for Bolden*, the Seventh Circuit explained that it did not need to decide whether it agreed with the Eighth Circuit's rational in *Jelinek*, because the Commissioner had not reached the merits to any extent in the case before the court. 868 F.2d at 919.

To be clear, the Court notes that any reference to the Commissioner being estopped from asserting res judicata in the context described above is referring to administrative res judicata, which is different than the federal rule or doctrine of res judicata in the judicial context. *See, e.g.*, *Grose v. Cohen*, 406 F.2d 823, 824 (4th Cir. 1969) ("Res judicata of administrative decisions is not encrusted with the rigid finality that characterizes the precept in judicial proceedings.") The Commissioner has raised res judicata. However, the authority the Commissioner relies upon in support of his argument establishes the requirements of the doctrine in the judicial context. (*See* Filing No. 19 at 4 (citing *Matrix IV, Inc. v. Am. Nat. Bank & Trust Co. of Chicago*, 649 F.3d 539, 547 (7th Cir. 2011)).)

The Court has nevertheless considered whether administrative res judicata applies. The Supreme Court has explained that "[u]nlike most arguments, challenges to subject-matter jurisdiction may be raised by the defendant 'at any point in the litigation,' and courts must consider them *sua sponte*." *Fort Bend Cty., Texas v. Davis*, 139 S. Ct. 1843, 1849 (2019). That is to say, the Court must consider whether it has subject-matter jurisdiction even if the issue is not raised by the defendant. Whether the Court has the ability under the Act or pursuant to another federal

authority to review a discretionary decision of the SSA is a question of the Court's proper subject-matter jurisdiction. *See Sanders*, 430 U.S. at 103-04. When the final decision of the Commissioner was to not reopen a prior claim and to apply administrative res judicata, "the district court correctly concluded that it did not have jurisdiction to review the [Commissioner's] decision." *Johnson*, 936 F.2d at 976 (citing *Teague v. Califano*, 560 F.2d 615, 618 (4th Cir. 1977)). Because the ALJ's decision is ambiguous as to whether it rested on a discretionary decision and the decisional authority of the Seventh Circuit is unclear as to whether—in a proper case—it would follow the Eighth Circuit's rationale in *Jelinek*, the Court will continue its analysis by considering the arguments that were raised by the parties. Although, the Court notes that if it were found to lack subject-matter jurisdiction, that finding would be a complete bar to any kind of relief sought by Clara P. Furthermore, if the Eighth Circuit's rationale were followed, the Court would have the ability to review the ALJ's decision only to the extent it was reopened on the merits.

**B.** **The Federal Doctrine of Res Judicata in the Judicial Context**

The Seventh Circuit has explained that "[t]he doctrine of res judicata minimizes 'the expense and vexation attending multiple lawsuits, conserves judicial resources, and fosters reliance on judicial action by minimizing the possibility of inconsistent decisions.'" *Alvear-Velez v. Mukasey*, 540 F.3d 672, 677 (7th Cir. 2008) (quoting *Montana v. United States*, 440 U.S. 147, 153-54 (1979)). "For res judicata to apply, three requirements must be met: (1) an identity of the parties or their privies; (2) an identity of the causes of actions; and (3) a final judgment on the merits." *In re Energy Coop., Inc.*, 814 F.2d 1226, 1230 (7th Cir. 1987) (citing *Federated Dep't Stores, Inc.*, 452 U.S. at 398) (additional citations omitted).

As to the first requirement—an identity of the parties or their privies—Clara P. was the plaintiff in the previous district court litigation and is also the plaintiff here. The defendants are

ostensibly different individuals, Carolyn W. Colvin in the previous litigation, (Filing No. 9-2 at 48), and Andrew M. Saul in the instant case. However, Clara P. has brought the actions against the former and current Commissioners of the SSA, respectively, in their official capacities. (*See* Filing No. 1.) The Seventh Circuit has held that if the "defendants were sued only in their official capacities, then they would clearly be privies. Official-capacity suits are, in reality, suits against government entities . . . and res judicata principles would apply." *Beard v. O'Neal*, 728 F.2d 894, 897 (7th Cir. 1984) (citing *Monell v. Dep't of Soc. Servs. of the City of New York*, 436 U.S. 658, 690 n.55 (1978); *Lee v. Peoria*, 685 F.2d 196, 199 n.4 (7th Cir. 1982)). The first requirement is met.

Regarding the second requirement, an identity of the causes of action "is determined by using the 'operative facts' or 'same transaction' test." *Alvear-Velez*, 540 F.3d at 677 (citing *In re Matter of Energy Coop., Inc.*, 814 F.2d at 1230). "Under this formulation, a cause of action consists of 'a core of operative facts which give rise to a remedy.'" *Id*. Furthermore, "[e]ven if the two claims are based on different legal theories, the 'two claims are one for purposes of res judicata if they are based on the same, or nearly the same, factual allegations.'" *Matrix IV, Inc.*, 649 F.3d at 547 (quoting *Herrmann v. Cencom Cable Assocs.*, 999 F.2d 223, 226 (7th Cir. 1993)). The operative facts underlying Clara P.'s instant action have not changed since they were laid out by the Magistrate Judge in the previous district court litigation. Clara P. is still receiving the same types of benefits from the same sources. The method used to calculate her benefit amounts according to the regulatory and statutory authority has not changed. There has been no change in law. There were several changes to the regulations concerning the GPO in 2004, including the exception asserted by Clara P., but not only does that exception not apply, the changes have been

in effect since before her previous district court litigation. (*See* Filing No. 9-3 at 145 (testimony of the SSA's claims technical expert, Mr. Kroner).)

The only differences between the facts of the previous litigation and Clara P.'s instant case is that some of the precise amounts of her benefits going into the calculation have changed. For example, her CSRS pension is periodically adjusted to stay in line with cost of living changes and results in an adjustment of her widow's benefits by application of the GPO. (*See* Filing No. 9-3 at 133-34 (Mr. Kroner's testimony).) Furthermore, Clara P.'s continued employment in non-government, private employment has altered the amount of her social security retirement benefits, but any increase with those benefits as a result of additional earnings is offset by a decrease in her widow's benefits by application of the dual entitlement rule. (*See* Filing No. 9-3 at 145-51 (hearing transcript with discussion between Clara P., the ALJ, and Mr. Kroner).) None of these factual variances are material to any of Clara P.'s claims that either the GPO or dual entitlement rule do not apply to her benefits. As such, the operative facts have not changed between the previous district court litigation and the instant case. Accordingly, the second requirement is met.

The third requirement of the doctrine is also met. Judge Barker issued a district court decision on the merits of Clara P.'s previous judicial review suit. Clara P. did not appeal Judge Barker's decision. Accordingly, a final decision was reached on the merits in the previous district court case.

The Seventh Circuit has held that litigating *pro se* does not "insulate a litigant from application of . . . the doctrine of res judicata . . . ." *DeGuelle v. Camilli*, 724 F.3d 933, 938 (7th Cir. 2013). Moreover, the doctrine does not allow a party to litigate new issues that could have been raised in the previous litigation in order to get the relief she previously sought. *Federated Dep't Stores, Inc.*, 452 U.S. at 398; *Matrix IV, Inc.*, 649 F.3d at 547 ("The doctrine of '[r]es judicata

bars not only those issues actually decided in the prior suit, but all other issues which could have been brought.'" (quoting *Aaron v. Mahl*, 550 F.3d 659, 664 (7th Cir. 2008))). Having found all the requirements met, the Court does not find any basis to conclude that the doctrine of res judicata does not apply in this case. Accordingly, the Court dismisses Clara P.'s case with prejudice. *See, e.g., Phillips v. Shannon*, 445 F.2d 460, 461 (7th Cir. 1971) (proper disposition when a suit is barred by the doctrine of res judicata is dismissal with prejudice).

**C.     ALJ's Decision**

Assuming for the sake of argument only—that res judicata does not apply, the Court finds in the alternative that there is no basis to disturb the ALJ's decision. On judicial review, this Court's role is limited to ensuring that the ALJ applied the correct legal standards and that substantial evidence exists for the ALJ's decision. *Barnett v. Barnhart*, 381 F.3d 664, 668 (7th Cir. 2004) (citation omitted). For the purpose of judicial review, "[s]ubstantial evidence is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Id.* (quotation omitted). Having reviewed all the documents submitted by Clara P., the Court does not find any basis to conclude that the ALJ did not apply the correct legal standards, such that an error of law occurred. As explained by the ALJ, Clara P. is mistaken in her continued contention that she should receive her social security retirements benefits reduced by the WEP plus her widow's benefits reduced by the GPO. The dual entitlement rule applies to her benefits, which effectively caps her total benefits from the SSA at the higher of the two benefit amounts, regardless of the precise method of distribution from the respective sources. In any event, Clara P. is not due the amount of both benefits added together after proper application of the GPO and the WEP. Furthermore, Clara P. does not qualify for the exception to the GPO which she has repeatedly

13

alluded to both in the administrative hearing and in her arguments before the Court. (*See* [Filing No. 20](#); [Filing No. 20-1](#).)

## IV. CONCLUSION

For the reasons stated above, Clara P.'s Complaint ([Filing No. 1](#)) is **DISMISSED** with prejudice pursuant to the doctrine of res judicata. In addition, the Court finds no legal basis to reverse the ALJ's decisions. The final decision of the Commissioner is **AFFIRMED**. Clara P.'s appeal is **DISMISSED with prejudice**.

**SO ORDERED.**

Date: 10/24/2019

*[signature]*

TANYA WALTON PRATT, JUDGE
United States District Court
Southern District of Indiana

DISTRIBUTION:

Clara P.
6033 Meadowlark Drive
Indianapolis, Indiana 46226

Meredith D. Schacht
SOCIAL SECURITY ADMINISTRATION
meredith.schacht@ssa.gov

Julian Clifford Wierenga
UNITED STATES ATTORNEY'S OFFICE (Indianapolis)
julian.wierenga@usdoj.gov